NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD G. MORENO, | ) | No. C 09-00099 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2007 denial of parole by the Board of Parole Hearings ("BPH"). Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1972, Petitioner was sentenced to a term of seven years to life in state prison after being found guilty by a jury of first degree murder and robbery. The BPH found Petitioner unsuitable for parole after a parole suitability hearing on September 6, 2007. (Pet. 2.) Petitioner sought habeas relief in the state superior court, state appellate court,

1  and state supreme court, all of which were denied. Thereafter, Petitioner filed the instant
2  federal petition on January 9, 2009.

## DISCUSSION

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the BPH's decision denying parole violated due process because it was arbitrary and capricious as there was no evidence that Petitioner posed a current threat to society or was unsuitable for release on parole. (Pet. 6a.) Liberally construed, Petitioner's claim is cognizable under § 2254. The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

1  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
2  copy of all portions of the state parole record that have been transcribed previously and
3  that are relevant to a determination of the issues presented by the petition.
4      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
5  with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
6  answer.
7      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
8  an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules
9  Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
10 with the Court and serve on Respondent an opposition or statement of non-opposition
11 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
12 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.
13     4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
14 that all communications with the Court must be served on respondent by mailing a true
15 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
16 parties informed of any change of address by filing a separate paper captioned "Notice of
17 Change of Address."  He must comply with the Court's orders in a timely fashion.
18 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
19 to Federal Rule of Civil Procedure 41(b).
20     IT IS SO ORDERED.
21
22 DATED: __5/14/09_____      _____
    JEREMY FOGEL
    United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.09\Moreno00099_osc-parole.wpd    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MORENO,<br><br>        Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>        Respondent.<br>_____/ | Case Number: CV09-00099 JF<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   5/19/09  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard G. Moreno A52525
 Soledad State Prison
P.O. Box 689
ED-111-L
Soledad, CA 93960-0689

Dated:   5/19/09

                                                        Richard W. Wieking, Clerk